OMAHA STRUCTURAL STEEL WORKS, APPELLEE, v. MORRIS
MINKIN, APPELLANT.

FILED FEBRUARY 2, 1921. No. 20983.

Appeal: CONFLICTING EVIDENCE. Where there is evidence on both sides of an issue of fact in an action at law, the finding in the trial court on that issue will not be disturbed in the supreme court on appeal unless clearly wrong.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed on rehearing.*

*J. E. Von Dorn,* for appellant.

*Switzler & Switzler* and *Claudio Delitala, contra.*

ROSE, J.

This is an action on a promissory note of which the following is a copy:

"250                    Omaha, Neb., Jan. 2, 1915.

"One year after date I promise to pay to the order of Omaha Iron Works Co. two hundred fifty no/100 dollars. Fifty per cent. due on demand. Value received with interest at 6 per cent. per annum.

"Morris Minkin."

On the back the note is indorsed as follows:

"Omaha Iron Works Co. By Ray Vierling, Treas."

Thus indorsed, plaintiff procured the note directly from the payee. The action was begun in the county court, where there was a judgment in favor of plaintiff for $275.75. Upon an appeal by defendant to the district court, plaintiff recovered a judgment for $260.40, and defendant has appealed therefrom to this court. Upon a review here, the judgment of the district court was reversed. Later a reargument was granted. The record has been reexamined in the light of further arguments.

Plaintiff pleads that the note is complete and regular on its face, and that it was purchased in good faith from the payee for value before maturity without notice of any infirmity therein. Among other defenses, defendant pleads that the note was fraudulently procured from him for stock in the Omaha Iron Works Company, payee, that under the name mentioned articles of incorporation were filed, but that the corporation was never organized and never issued any stock, that the note was without consideration, and that plaintiff is not a holder thereof in due course.

As between defendant and the payee a defense is conclusively established, but the controlling issue of fact, which the trial court resolved against defendant, is whether plaintiff became the holder of the note in due course before it matured January 2, 1916. The burden of proving the affirmative was on plaintiff. That defendant signed

the note and allowed it to fall into the hands of Ray Vierling, doing business as the Omaha Iron Works Company, payee, thus putting into his hands the means to indorse and transfer it to an innocent purchaser, are clearly established facts. It is equally clear that the Omaha Iron Works Company, payee, through Vierling, was indebted to plaintiff for building materials, and that plaintiff is the holder of the note for a valuable consideration. The secretary of plaintiff and also its assistant auditor testified that the note was acquired by purch se before it was due, but they were uncertain as to the date of the transfer. In their testimony April, May, July, August, September, and December, 1915, were mentioned as months during which the transfer occurred, but after they had been cross-examined on dates and had been interrogated in regard to plaintiff's books, records, and correspondence, which did not disclose the date of the purchase but tended to cast suspicion on their testimony, they said that the note was indorsed and delivered to plaintiff during the summer of 1915, before it was due. The testimony of Vierling, who perpetrated the fraud on defendant, tends to prove that plaintiff procured the note in January, 1916, after it was due. It thus appears that there is testimony on both sides of the controlling issue of fact, with evidence sufficient to sustain a finding either way, and that in the final analysis the conclusion depends on the credibility of witnesses, a question for the trial judge, who took the place of a jury. There does not appear to be a substantial reason for holding that the trial court was clearly wrong in determining the vital issue in favor of plaintiff. In this view of the evidence the judgment below should not be reversed.

It follows that the judgment of reversal is vacated, and the judgment of the district court

AFFIRMED.

LETTON, J., not sitting.